[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Efstathios Kitmirides, Nikolaos Kitmirides, Pelagia Kitmirides and Anna Panagiotides (the plaintiffs) have sued the defendant, Middlesex Assurance Company (Middlesex). In their amended complaint, the plaintiffs assert the following claims: (1) underinsured motorist benefits (count one); (2) unjust enrichment (count two); (3) breach of contract (count three); (4) breach of an implied duty of good faith and fair dealing (count four); and (5) a declaratory judgment that Efstathios Kitmirides, Nikolaos Kitmirides and Pelagia Kitmirides are named insured (count five). Specifically, Pelagia Kitmirides and Anna Panagiotides allege that while walking as pedestrians, an underinsured motorist struck and injured them. The plaintiffs seek underinsured motorist coverage for Pelagia Kitmirides and Anna Panagiotides from an automobile insurance policy issued from Middlesex to Efstathios Kitmirides that lists Pelagia and Nikolaos Kitmirides as additional drivers (the insurance policy).
Middlesex moved for summary judgment on the ground that Pelagia Kitmirides and Anna Panagiotides are not entitled to underinsured motorist coverage because they are not named insured of the insurance policy. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Witt v. St. Vincent's Medical CT Page 9523 Center, 252 Conn. 363, 368, 746 A.2d 753 (2000).
Pelagia Kitmirides and Anna Panagiotides are not entitled to underinsured motorist coverage pursuant to the terms of the insurance policy. The relevant portion of the insurance policy defines covered person for underinsured motorist coverage as "(1) You or any familymember[1] (2) Any other person occupying your covered auto . . .". Additionally, the insurance policy provides "`you' and `your' refer to: a. The `Named Insured' shown in the Declarations; and b. The spouse if a resident of the same household." Here, neither Pelagia Kitmirides nor Anna Panagiotides occupied the insured vehicle when they sustained their injuries. Furthermore, Pelagia Kitmirides and Anna Panagiotides are neither the named insured, spouse of the named insured nor family members of the named insured pursuant to the insurance policy.[2] As a result, the court holds that the insurance policy does not provide underinsured motorist coverage for Pelagia Kitmirides and Anna Panagiotides.
The plaintiffs argue that the contract is ambiguous as to whether drivers listed on the insurance policy such as Pelagia and Nikolaos Kitmirides qualify as named insured. "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Internal quotation marks omitted.) Tallmadge Bros., Inc. v.Iroquois Gas Transmission System, L.P., 252 Conn. 479, 498, 746 A.2d 1277
(2000). Here, the insurance policy has the name insured and the names of the drivers listed on separate pages. Moreover, the portion of the insurance policy identifying the insured only refers to Efstathios Kitmirides. Consequently, the court finds that no ambiguity exists in the insurance policy that Pelagia and Nikolaos Kitmirides are not named insured. See DiBuono v. Peerless Ins. Co., Superior Court, judicial district of Danbury, Docket No. 306316 (October 7, 1991, Fuller, J.) (holding decedent listed as driver on policy not entitled to uninsured motorist benefits when "she was neither a resident, relative nor a spouse of the named insured . . .").
Based on the foregoing, the court finds that no genuine issue of material fact exists that Pelagia Kitmirides, Nikolaos Kitmirides and Anna Panagiotides are not entitled to underinsured motorist benefits pursuant to the insurance policy. Accordingly, the court grants Middlesex's motion for summary judgment on counts one through four. The court further grants summary judgment as to count five only as pertaining to Pelagia and Nikolaos Kitmirides. CT Page 9524
So Ordered.
D'ANDREA, J.